WILLIAM A. McKIBBIN v. HARMONY B. BRISTOL AND JOSEPH R. DUNLAP.

*Injunction to restrain ejectment.*

An equitable owner of lands in actual possession and claiming title in fee simple can maintain a bill to enjoin a suit in ejectment brought against him by persons claiming under a succession of conveyances given in bad faith and for the purpose of defeating creditors; and in the same bill he can also ask for a release of the apparent title held by such claimants.

Appeal from Shiawassee. (Newton, J.) Apr. 10.—Apr. 18.

BILL to clear title. Defendants appeal. Affirmed.

*R. C. Dart* and *J. C. Shields* for complainant.

*Hugh McCurdy* for defendants.

GRAVES, C. J. The defendant Harmony B. Bristol commenced an action of ejectment against the complainant and Alexander McKibbin and Joseph T. McKibbin, to recover certain premises at Lansing, and the complainant immediately filed this bill to enjoin that action and compel a release of the apparent title on which it depended. The circuit court granted the relief and the defendants appealed.

The paper title explained in the bill was not produced. It was proved and not disputed that the complainant was in actual possession, and for many years had been, and claiming title in fee-simple, and there was sufficient evidence of his ownership of a right in equity to authorize a resort to this jurisdiction. In 1855, one Mary McKibbin, the complainant's mother, and who is now deceased, became the grantee of an undivided interest, and in February, 1857, she placed on record her deed of that date to her brother, Andrew Dunlap. This deed purported to quitclaim her interest to him for $100. The claim of Mrs. Bristol is founded on this transaction. After the lapse of many years of non-claim, and shortly

subsequent to a breach between Andrew Dunlap and Alexander McKibbin, the husband of Mary, the former quitclaimed his interest to his nephew, the defendant Joseph, and from him the same interest was passed to his mother-in-law, Mrs. Bristol.   Some efforts were made with Joseph to get him to surrender the claim, and he was rather inclined to comply, and for a sum greatly less than the full value of an actual interest of the same nature, but the attempt failed.

The complainant contends that his mother's quitclaim to her brother Andrew Dunlap was not a bona fide conveyance, but a mere expedient to screen the property from apprehended raids by the creditors of her son-in-law, Burkey, from whom she had bought it.   He further contends that Andrew Dunlap never paid any consideration and never had possession of the deed or of the premises, and that he went into the transaction with the perfect understanding that the whole interest remained in his sister in point of equity and was to continue so.   The complainant also insists that all the transfers from Andrew Dunlap down to Mrs. Bristol were made in bad faith, and that her position is no better than that which Andrew Dunlap occupied.

The circuit judge reached the conclusion that this view of the complainant was correct, and on a careful examination of the record we see no reason for dissenting.

The decree must be affirmed with costs.

The other Justices concurred.